HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH RENIER ELENBAAS and MELANIE W. ELENBAAS (marital community) and KEITH L. COX (an individual),<br><br>Defendants. | CASE NO. 2:23-cv-01786-RAJ<br><br>ORDER |

THIS MATTER comes before the Court on Defendant Government Employees Insurance Company ("GEICO")'s Motion for Summary Judgment. Dkt. # 16.

GEICO initially filed a declaratory judgment action in this Court pertaining to a motor vehicle accident between Defendants Joseph Renier Elenbaas and Melanie W. Elenbaas (collectively, "Defendants Elenbaas") and Keith L. Cox ("Defendant Cox"). In June of 2021, GEICO and Defendants Elenbaas entered into a contract for motor vehicle insurance. Dkt. # 1 at ¶ 3.1. The policy spanned from June 18, 2021, through January

ORDER - 1

18, 2022, and covered two vehicles: (1) a 1995 Ford Explorer and (2) a 2005 Ford Focus ZX5. *Id.* at ¶¶ 3.2, 3.4.

On January 6, 2022, Defendants Elenbaas' 1990 Ford F150, which was *not* listed on the policy, was involved in a motor vehicle accident with Defendant Cox. *Id.* at ¶¶ 3.7 – 3.8 (emphasis added). Defendants Elenbaas and Defendant Cox are presently litigating this incident in Whatcom County. *Id.* at ¶ 3.9. GEICO filed the instant lawsuit requesting that it is entitled to a declaration that the insurance policy with Defendants Elenbaas explicitly precludes coverage for the 1990 Ford F150. *Id.* at ¶ 5.2. Additionally, GEICO seeks a declaration that it has no duty to defend or indemnify Defendants Elenbaas for the motor vehicle accident under the insurance policy at issue. *Id.* at ¶ 5.3.

While the affidavits and declarations provided by counsel for GEICO have given the Court sufficient information to rule on the Motion for Summary Judgment (the "Motion"), the procedural posture GEICO has employed throughout this litigation confounds the Court. Five days after the Clerk entered default against Defendants Elenbaas, GEICO filed its Motion.[1] Because the Motion concerns the policy issued to Defendants Elenbaas only, the Court is wary of Defendant Cox's inclusion as a named party in this case. Buttressing this concern is the conclusion of GEICO's Motion, which states, "Defendant's [sic] Elenbaas' 1990 Ford F150 was never listed or otherwise insured under the GEICO policy. As such, GEICO respectfully requests that this Court grant GEICO's motion for summary judgment." Dkt. # 16 at 8. There is no mention of Defendant Cox in the conclusion.

Further muddying the procedural waters is GEICO's Reply.[2] While the Court

---

[1] GEICO did not file a motion for default judgment after the Clerk entered default against Defendants Elenbaas.

[2] None of the Defendants responded to GEICO's Motion.

ORDER - 2

admonishes, but is not concerned with, GEICO incorrectly labeling itself a defendant and Defendants Elenbaas and Defendant Cox as plaintiffs, it questions the consistent allusions to Defendant Cox. *See generally* Dkt. # 18.  As stated, *supra*, Defendant Cox is not a party to the insurance policy at issue, and the Court is skeptical that he should be listed in this case.  Rather than hypothesize GEICO's intent, the Court wants to ensure that Defendant Cox is a proper party.  *See Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) ("[a] judge is the impartial umpire of legal battles, not a party's attorney.  He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments.").

Accordingly, the Court **ORDERS** GEICO to (1) show cause as to why Defendant Cox is a named party and (2) clarify the Defendants against whom GEICO is moving for summary judgment.  GEICO shall address these issues no later than **seven (7) days** from the date of this ORDER and in no more than **five (5) pages**.  The Court will afford Defendants **five (5) days** to respond to GEICO's pleading upon its submission, should they wish to do so.

Dated this 10th day of October, 2024.

_____
The Honorable Richard A. Jones
United States District Judge