HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH RENIER ELENBAAS and MELANIE W. ELENBAAS (marital community) and KEITH L. COX (an individual),<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cv-01786-RAJ<br><br>ORDER |

## I.　INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Government Employees Insurance Company ("GEICO")'s Motion for Summary Judgment. Dkt. # 16. Defendants Joseph Renier Elenbaas and Melanie W. Elenbaas (collectively, "Defendants Elenbaas") did not file a Response to the Motion.

For the reasons set forth below, the Court **GRANTS** GEICO's Motion for Summary Judgment.

ORDER - 1

## II. BACKGROUND

GEICO initially filed a declaratory judgment action in this Court pertaining to a motor vehicle accident between Defendants Elenbaas and Keith L. Cox ("Defendant Cox"). In June of 2021, GEICO and Defendants Elenbaas entered into a contract for motor vehicle insurance. Dkt. # 1 at ¶ 3.1. The policy spanned from June 18, 2021, through January 18, 2022, and covered two vehicles: (1) a 1995 Ford Explorer and (2) a 2005 Ford Focus ZX5. *Id.* at ¶¶ 3.2, 3.4.

On January 6, 2022, Defendants Elenbaas' 1990 Ford F150 (the "Ford F150"), which was *not* listed on the policy, was involved in a motor vehicle accident with Defendant Cox. *Id.* at ¶¶ 3.7 – 3.8 (emphasis added). Defendants Elenbaas and Defendant Cox are presently litigating this incident in Whatcom County. *Id.* at ¶ 3.9. GEICO filed the instant lawsuit requesting that it is entitled to a declaration that the insurance policy with Defendants Elenbaas explicitly precludes coverage for the Ford F150. *Id.* at ¶ 5.2. Additionally, GEICO seeks a declaration that it has no duty to defend or indemnify Defendants Elenbaas for the motor vehicle accident under the insurance policy at issue. *Id.* at ¶ 5.3.

While the affidavits and declarations provided by counsel for GEICO gave the Court sufficient information to rule on the Motion, the procedural missteps GEICO had committed throughout this litigation were confounding. Most pertinent among GEICO's errors was its failure to clarify against whom it was moving for summary judgment, as the Motion mentioned Defendants Elenbaas, but the Reply made several allusions to Defendant Cox. On October 10, 2024, the Court Ordered GEICO to (1) show cause as to why Defendant Cox was a named party and (2) clarify the Defendants against whom GEICO was moving for summary judgment. Dkt. # 19. Subsequently, GEICO apologized to the Court for the confusion it caused, indicated that it was moving for

summary judgment against Defendants Elenbaas only, and stated that Defendant Cox was a named party out an abundance of caution. Dkt. # 20. The Court is satisfied with GEICO's response and can now rule on its Motion.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see White v. McDonnell Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."). The opposing party must present significant and probative

evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

## IV. DISCUSSION

Although GEICO incorrectly cites to the Local Rules in arguing that Defendants Elenbaas' failure to respond constitutes an admission, the facts are clear that GEICO does not owe Defendants Elenbaas a duty to defend or indemnify, as the Ford F150 was not covered under the insurance policy.[1] In Washington, a duty to defend or indemnify "arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Unigard Ins. Co. v. Leven*, 97 Wn. App. 417, 425 (1999). "In construing the language of an insurance policy, a court must examine the contract as a whole." *Federated Am. Ins. Co. v. Erickson*, 67 Wn. App. 670, 673 (1992) (internal citation omitted). "Terms in an insurance policy are given their common and ordinary meaning as understood by an average purchaser of insurance." *Id.* (internal citation omitted).

Here, there is no question that the Ford F150 was not covered under the policy. The policy provides coverage for "owned" and "non-owned" automobiles. Dkt. # 17-1 at 9. The Ford F150 is not a "non-owned" automobile as defined by the policy, as Mr. Elenbaas has owned the vehicle for at least ten years. *Id.* at 34. Moreover, the policy defines an "owned" automobile as "a vehicle *described in this policy* for which a

---

[1] GEICO misinterprets Local Rule 7(b)(2), which provides that "*[e]xcept for motions for summary judgment*, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2) (emphasis added). GEICO quotes the entire rule and omits the italicized portion, which raises concerns of bad faith.

ORDER - 4

premium charge is shown for these coverages." *Id.* at 9 (emphasis added). The policy lists two covered vehicles: (1) a 1995 Ford Explorer and (2) a 2005 Ford Focus ZX5. *Id.* at 2. There is no mention of the Ford F150. Finally, Mr. Elenbaas himself wrote in a letter to GEICO that "the farm vehicle I was driving was not covered by our policy with you . . . ." *Id.* at 34.[2]

These facts clearly demonstrate that the Ford 150 was not covered under the policy and GEICO had no duty to defend or indemnify Defendants Elenbaas. Accordingly, the Court grants GEICO's Motion.

## V.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Plaintiff GEICO's Motion for Summary Judgment. Dkt. # 16  The Clerk is instructed to enter judgment against Defendants Joseph Renier Elenbaas and Melanie W. Elenbaas only. The Clerk shall not close the case until further order of the Court, as Defendant Keith L. Cox is still a party to this action.

Dated this 23rd day of October, 2024.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

---

[2] The "farm vehicle" is the subject Ford F150.