HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Plaintiff,

v.

JOSEPH RENIER ELENBAAS and MELANIE W. ELENBAAS (marital community) and KEITH L. COX (an individual),

Defendants.

CASE NO. 2:23-cv-01786-RAJ

ORDER

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendants Joseph and Melanie Elenbaas' Motion to Vacate (the "Motion," Dkt. # 27). The Court has reviewed the Motion, Plaintiff's Response thereto (the "Response," Dkt. # 31), Defendants' Reply in support of the Motion (the "Reply," Dkt. # 33), and all declarations filed in support of the foregoing (Dkt. ## 28–30, 32). For the reasons set forth below, the Court **DENIES** Defendants' Motion.

## II. BACKGROUND

The Court incorporates the facts as set forth in its October 23, 2024 Order (the "Summary Judgment Order," Dkt. # 21) granting Plaintiff Government Employees Insurance Company ("GEICO")'s Motion for Summary Judgment (the "Summary Judgment Motion," Dkt. # 16). Defendants Joseph and Melanie Elenbaas (collectively, "Defendants") ask the Court to vacate the orders in this case against them for lack of

personal jurisdiction under Fed. R. Civ. P. 60(b)(4). They argue that GEICO's substituted service upon Defendants through the Secretary of State pursuant to RCW 46.64.040 is deficient because GEICO "ignored Defendant's offer to accept personal service." Dkt. # 27 at 1–2. GEICO responds that its efforts to attempt personal service exceeded those required by applicable law, rendering substituted service proper. Dkt. # 31 at 4–8. GEICO also argues that Defendants cannot satisfy Rule 60(b)(4) because service was valid, no meritorious defense exists, and the Motion is untimely. *Id.* at 8–10. In their Reply, Defendants argue that GEICO failed to meet its burden of proof that it searched for and attempted to serve Defendants with due diligence, and dispute GEICO's contention that the Motion is untimely. Dkt. # 33.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(4) "authorizes the court to relieve a party from a final judgment if 'the judgment is void.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); *see also* Fed. R. Civ. P. 60(b)(4). Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271. The list of "infirmities" that would render a judgment void is "exceedingly short"; for example, a judgment is not void "'simply because it is or may have been erroneous.'" *Id.* at 270 (citation omitted). Similarly, a Rule 60(b)(4) motion "is not a substitute for a timely appeal." *Id.* In sum, "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.* at 271 (citation omitted).

A motion to set aside a judgment under Rule 60(b) "must be made within a reasonable time," not to exceed one year after the entry of the judgment at issue. Fed. R. Civ. P. 60(c)(1). What constitutes a "reasonable time" is dependent on the facts of each

case, and requires consideration of "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981).

## IV. DISCUSSION

### A. Timeliness of the Motion

As an initial matter, the Court addresses GEICO's argument that Defendants' Motion is untimely. Dkt. # 31 at 9–10. GEICO correctly observes that the Motion was filed on November 20, 2025, over a year after the Court's issuance of the Summary Judgment Order and entry of judgment against Defendants in October of 2024. *Id.*; *see also* Dkt. ## 21–22, 27. However, the Ninth Circuit has held that there is no time limit to set aside a void judgment pursuant to Rule 60(b)(4). *SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2017). Accordingly, the Court finds that Defendants' Motion is timely.[1]

### B. Validity of Service of Process

When a defendant challenges the validity of service, the plaintiff generally bears the burden of establishing that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The validity of service is essential because the Court may only exercise personal jurisdiction over defendants who have been properly served summons. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*; *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Therefore, if GEICO did not serve Defendants in accordance with Federal Rule of Civil Procedure 4, the Court lacks jurisdiction over Defendants. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir. 1987).

[1] Similarly, GEICO's argument that Defendants have "no meritorious defense" is misplaced. This standard governs motions to vacate under Rule 60(b)(1) due to "mistake, inadvertence, surprise, or excusable neglect," not Rule 60(b)(4) motions to vacate on the grounds that the judgment was void for lack of service of process. *Internet Sols.*, 509 F.3d at 1165.

Rule 4 allows summons to be served on an individual in a manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Here, GEICO relied on RCW 46.64.040, Washington's nonresident motorist statute, in pursuing substituted service on Defendants through the Secretary of State. That statute provides:

> [The] operation [of a motor vehicle on the public highways of Washington state by a ***nonresident***] . . . shall be a signification of the nonresident's agreement that any summons or process against him or her which is served [***upon the secretary of state of the state of Washington***] shall be of the same legal force and validity as if served on the nonresident personally within the state of Washington. Likewise, each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years ***cannot, after a due and diligent search, be found in this state appoints the secretary of state of the state of Washington*** as his or her lawful attorney for service of summons as provided in this section for nonresidents.

RCW 46.64.040 (emphases added).

The Washington Supreme Court has held that substituted service under RCW 46.64.040 is proper "where the plaintiff has with due diligence attempted to find and serve defendant and where plaintiff has a good faith basis to believe the defendant has departed the state," including temporarily. *Martin v. Meier*, 111 Wash. 2d 471, 473 (1988); *Martin v. Triol*, 121 Wash. 2d 135, 847 P.2d 471 (1993) (The statute applies to "residents who only temporarily leave the state."). "Due diligence" requires that the plaintiff made "honest and reasonable efforts to locate the defendant." *Meier,* 111 Wash. at 482. "Not all conceivable means" of searching "need be employed, but, at the least, the accident report, if made, must be examined and the information therein investigated with reasonable effort." *Id.* The Washington Court of Appeals, applying this framework, found that a plaintiff who hired a professional process server and attempted service multiple times at the address listed in the accident report had demonstrated "efforts to effect service [that] were both honest and reasonable, as a matter of law." *Carras v. Johnson*, 77 Wash. App. 588, 594 (1995), *as amended* (June 21, 1995).

The Court finds that, under this framework, GEICO's efforts to effectuate service on Defendants prior to pursuing substituted service under RCW 46.64.040 were "honest and reasonable" and satisfy the statute's due diligence requirement. GEICO indicates that it retained a professional service firm and unsuccessfully attempted personal service on five separate dates at the Bellingham address listed on the insurance policy and in the accident report. Dkt. # 31 at 6. Following these attempts, GEICO received a return voicemail from Mr. Elenbaas on December 25, 2023, indicating that the Bellingham address was "used only as a mailing address, that he had no physical residence where he could be served, and that he was outside the state selling a vehicle with no known return date." *Id.* While Mr. Elenbaas "stated that he would accept service upon his return to Washington," he "could not provide any estimated date for doing so." *Id.*

While Defendants aver that GEICO should have subsequently made efforts to "follow up" with Mr. Elenbaas, Dkt. # 33 at 4, they do not dispute GEICO's characterization that Mr. Elenbaas was out of state at the time of the voicemail and did not provide a timeframe for his expected return. While it is possible that GEICO could have continued to facilitate communication with Mr. Elenbaas in a continued effort to locate Defendants, RCW 46.64.040 requires a "due and diligent search," not an "exhaustive" one. *Carras*, 77 Wash. App. at 594. Defendants also argue that substituted service was deficient because "Plaintiff failed to attempt service at any of the other four properties revealed by a property search Plaintiff claims to have performed, nor [another] address indicated in the police report." Dkt. # 33 at 3. However, GEICO's reliance on a police report involving Defendants reasonably confirmed their understanding that the Bellingham address where GEICO's professional process server attempted personal service was the correct address. Dkt. # 31 at 8.

In sum, the Court agrees with GEICO's conclusion that its efforts to effectuate personal service, which included "five separate failed personal service attempts at the listed address, the police investigation confirming that Elenbaas was out of the county, and

Elenbaas himself stating that he was out of state with no expectation of return," were honest, reasonable, and reflected both a due and diligent search and a good-faith belief that Defendants had departed the state. Dkt. # 31 at 8; *Meier*, 111 Wash. 2d at 473, 482 (analyzing RCW 46.64.040). This is therefore not "the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Espinosa*, 559 U.S. at 271 (citation omitted). Accordingly, the Court concludes that relief under Rule 60(b)(4) is not warranted.

## V. CONCLUSION

For the foregoing reasons, Defendants Joseph and Melanie Elenbaas' Motion to Vacate is **DENIED.** Dkt. # 27. All Orders entered by the Court in this case, including the Summary Judgment Order and resulting judgment against Defendants, remain in effect. Dkt. ## 21–22.

DATED this 14th day of September, 2026.

The Honorable Richard A. Jones
United States District Judge